THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ROSS, Appellant. [829 NYS2d 365]—

Appeal from an order of the Supreme Court, Monroe County (John J. Brunetti, A.J.), entered February 4, 2005. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). Defendant challenges only 5 of the 110 points assessed by Supreme Court. Those points were assessed for the presumed prior criminal history of defendant based on his placement in the custody of the New York State Division for Youth, now known as the New York State Office of Children and Family Services (*see* Executive Law § 500 [3]). We agree with defendant that the assessment of those five points is not supported by clear and convincing evidence. The People failed to specify the offense of which defendant was allegedly convicted or adjudicated, and, in fact,

failed to submit any evidence in support of such a conviction or adjudication. Consequently, the clear and convincing evidence in the record supports an assessment of only 105 points, which would place defendant as a level two risk.

The court also concluded, however, that an upward departure to level three was warranted by defendant's subsequent conviction of murder in the second degree, and defendant failed to preserve for our review his contention that the court should not have considered that conviction because the People did not provide proper notice of their intention to use it as the basis for requesting an upward departure (*see People v Charache*, 32 AD3d 1345 [2006]; *People v Smith*, 17 AD3d 1045 [2005], *lv denied* 5 NY3d 705 [2005]). In any event, defendant admitted at the SORA hearing that he received notice of the People's intention to use the murder conviction as the basis for requesting an upward departure, and thus his current contention is without merit. Present—Scudder, P.J., Hurlbutt, Smith, Lunn and Green, JJ.